UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK FORD,

     Plaintiff,                         Case No. 2:24-CV-10843
                                       HONORABLE NANCY G. EDMUNDS

v.

BRENDA BUCHANAN,

     Defendant.

_____/

**OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

     Derrick Ford, ("plaintiff"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff claims that the defendant, a nurse practitioner, was deliberately indifferent to his medical needs while he was incarcerated at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. For the reasons stated below, the Court will transfer this matter to the United States District Court for the Western District of Michigan for further proceedings.

## I. DISCUSSION

     In the present case, all of the alleged constitutional violations took place while plaintiff was incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, which is located in the Northern Division of the United States District Court for the Western District of Michigan. The defendants named in this suit also reside in that district.

     Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F.2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b).

1

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a).   Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court finds that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan.   The primary factor in making the determination to transfer venue is that all of the "operative facts" in this case took place at the Chippewa Correctional Facility, which is located in the Western District of Michigan. *See Pierce v. Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y. 1992).   The defendant resides in the Western District of Michigan. Public officials "reside" in the county where they perform their official duties. *See O'Neill v. Battisti*, 33 Ohio Misc. 137, 472 F.2d 789, 791 (6th Cir.1972).   In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the

plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia,* 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003)(quoting *Starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir.1974)).

Venue for plaintiff's lawsuit is not proper in the Eastern District of Michigan, because plaintiff has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in this district. *See Miles v. WTMX Radio,* 15 F. App'x 213, 215 (6th Cir. 2001).  The Court concludes that venue in this § 1983 lawsuit lies in the United States District Court for the Western District of Michigan, where plaintiff alleges that the civil rights violations occurred.  Accordingly, this matter will be transferred to that district for further proceedings.

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

s/Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  April 5, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 5, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager

3